APRIL L. HOLLINGSWORTH (Bar No. 9391)
KATIE PANZER (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE, LLC**
1881 South 1100 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com

Trenton Lacy (Texas Bar No. 24106176)
Ross Scalise Law Group
1104 San Antonio St.
Austin, Texas 78701
Telephone: (512) 474-7677
(pro hac vice admission pending)

Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DENA CROMPTON,** <br><br> Plaintiff, <br><br> vs. <br><br> **FABMATICS USA, INC.,** <br><br> Defendant. | **COMPLAINT** <br> **(Jury Requested)** <br><br> Case No. 1:20-cv-00011 <br><br> Magistrate Judge Dustin B. Pead |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENA CROMPTON (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendant,

FABMATICS USA, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, FABMATICS USA, INC., resides within this Court's District.

## THE PARTIES

4.     Plaintiff is an individual residing in Syracuse, Utah.

5.     Plaintiff, DENA CROMPTON, was employed by Defendant from sometime in June of 2017 to July 14, 2018, as a "Human Resources Manager."

6.     Defendant, FABMATICS USA, INC., is a corporation existing under the laws of the State of Delaware and maintains offices in Sandy, Utah.

7.      Defendant, FABMATICS USA, INC., operates a for-profit company that develops intelligent automation solutions for customers active in high-tech industries, and is an employer as defined by 29 U.S.C. § 203(d).

8.      Defendant, FABMATICS USA, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9.      At all times material to this complaint, Defendant, FABMATICS USA, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendant, FABMATICS USA, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     At all times material to this Complaint, Defendant was the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

12.     Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendant's business activities.

13.     Specifically, Plaintiff performed work relating to the handling and movement of goods and products for interstate commerce, and regularly utilized the

channels of interstate commerce, *e.g.*, interstate and international telephone calls and used of the internet, in performing her regular and recurring job duties.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

14.     Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13, *supra*.

15.     Plaintiff, 1) performed work for the Defendant at the direction of the Defendant's CEO and President, Slan Rosenlof; 2) did not hold a position considered as exempt under the FLSA; and, 3) was to be paid an hourly rate.

16.     Plaintiff does not generally have access to Defendant's records and will provide additional detail after Defendant has provided records or initial disclosures have been made, if necessary.

17.     Throughout Plaintiff's employment with Defendant, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

18.     During one or more workweeks of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours per week.   Specifically, Plaintiff worked approximately fifty (50) hours in each workweek of her employment with the Defendant.

19.     Defendant did not pay Plaintiff the overtime rate for the hours in any workweek wherein she worked over forty (40) in a workweek.

20.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

21.     Defendant's conduct was willful in that it either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

22.     Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages owed pursuant to 29 U.S.C. § 216(b).

23.     The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime wage compensation for all hours over forty (40) worked per workweek.

24.     Plaintiff also seeks compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

25.     Plaintiff is entitled to an award of reasonable and necessary attorneys'

fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, DENA CROMPTON, demands Judgment against Defendant for the following:

a.    Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.    Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues and facts in this case.

Dated: January 31, 2020.

**HOLLINGSWORTH LAW OFFICE, LLC**

/s/ April L. Hollingsworth_____
April L. Hollingsworth
Counsel for Plaintiff